UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATIE D.
*on behalf of* J.L.T.S.,[1]

                                                Plaintiff,                Case # 23-CV-6126-FPG

v.                                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                              Defendant.
_____

## INTRODUCTION

On February 3, 2021, Katie D. filed an application for supplemental security income on behalf of the claimant, J.L.T.S. (the "claimant"), pursuant to Title XVI of the Social Security Act (the "Act"). Tr.[2] 17. The Social Security Administration ("SSA") denied the claim and, on June 6, 2022, Administrative Law Judge Louis Bonsangue (the "ALJ") held a telephone hearing at which Plaintiff testified on the claimant's behalf. *Id.* On June 27, 2022, the ALJ issued an unfavorable decision finding J.L.T.S. not disabled. *Id.* at 17-23. The Appeals Council granted review and adopted the ALJ's findings and conclusion that claimant was not disabled. *Id.* at 4-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 9. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the matter is remanded to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 6.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I.     **District Court Review**

When reviewing a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II.     **Disability Determination for Children**

A child under eighteen is disabled under section 1614(a)(3)(C)(i) of the Act if he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner follows a three-step process to evaluate a child's disability claim. *See* 20 C.F.R. § 416.924(a). At step one, the ALJ determines whether the child is engaged in substantial gainful activity. *Id.* § 416.924(b). If so, the child is not disabled "regardless of [his or her] medical condition or age, education, or work experience." *Id.* If the child is not engaged in substantial gainful activity, the ALJ proceeds to step two. *Id.*

At step two, the ALJ must determine whether the child has a medically determinable impairment, or combination of impairments, that is "severe." *Id.* § 416.924(a). For a claimant

under the age of eighteen, a medically determinable impairment or combination of impairments is not severe if it is a slight abnormality or a combination of such abnormalities that causes no more than minimal functional limitations. *Id.* § 416.924(c). If the child does not have a severe impairment, he is not disabled. *Id.* If he does, the ALJ proceeds to the third step. *Id.*

At step three, the ALJ must determine whether the impairment or combination of impairments meet, medically equal, or functionally equal an impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.924(d). If the child has an impairment or combination of impairments that meet, medically equal, or functionally equal the severity of one in the Listings, and if such impairments have lasted or are expected to last for a continuous period of at least twelve months, then the child is disabled; if not, then the claimant is not disabled. *Id.* § 416.924(d).

To determine whether impairments meet or medically equal one in the Listings, the ALJ compares the limitations to explicit criteria in the listings. 20 C.F.R § 416.925. To determine whether an impairment or combination of impairments functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. *Id.* § 416.926a(b)(1)(i)-(vi). To "functionally equal the listings," the child's impairment(s) must cause "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *Id.* § 416.926a(a).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed J.L.T.S's claim using the process described above. At step one, the ALJ found that he had not engaged in substantial gainful activity since February 3, 2021, the application date. Tr. 18. The ALJ then determined that the claimant had a severe impairment, bilateral club feet, for which the claimant wears rigid orthotic boots and braces. *Id.* at 18-19. At the third step, the ALJ first determined that he did not have an impairment or combination of impairments that met or medically equaled one in the Listings. *Id.* He then proceeded to assess whether the claimant had an impairment or combination of impairments that functionally equaled the severity of the Listings. *See id.* at 19-23.

In concluding that the claimant's impairment did not functionally equal the severity of the Listings, the ALJ determined that the claimant demonstrated no limitation in four domains: acquiring and using information; attending and completing tasks; interacting and relating with others; and ability to care for himself. *Id.* at 20. He also determined that the claimant had limitations in two domains: (1) a less than marked limitation in moving about and manipulating objects and (2) a marked limitation in health and physical well-being. *Id.* Because the ALJ determined that he had neither a marked limitation in two domains nor an extreme limitation in one, he concluded that the claimant did not have an impairment or a combination of impairments that functionally equaled one of the listings. *Id.* at 23. Accordingly, the ALJ concluded that the claimant was not disabled. *Id.*

### II. Analysis

Plaintiff argues that remand is warranted because the ALJ's findings that the claimant had (a) a less than marked limitation in moving about and manipulating objects and (b) no limitation

in the domain of caring for oneself are not supported by substantial evidence. *See* ECF No. 7-1 at 1, 7-13. The Court considers each argument in turn.

### A. Moving About and Manipulating Objects

Plaintiff points to two purported flaws in the ALJ's analysis of the domain of Moving About and Manipulating Objects. First, Plaintiff argues that the ALJ failed to take the required "whole child approach" in evaluating the claimant's limitations in this domain. *See* ECF No. 7-1 at 9-10. Second, Plaintiff argues that the ALJ improperly "cherry-picked" evidence from the record. *See id.* at 10-11. As explained below, the Court disagrees.

When determining a claimant's function in Moving About and Manipulating Objects, the ALJ must consider a child's gross and fine motor skills, that is, how he moves his body from one place to another and how he moves and manipulates things. 20 C.F.R. § 416.926a(j); *see also* SSR 09-6P, 2009 WL 396028 (Feb. 17, 2009) (providing examples of typical functioning drawn from the SSA's "regulations, training, and case reviews"). A newborn or young infant should begin to explore his world by moving his body and using his limbs; learn to hold his head up, sit, crawl, stand; sometimes hold onto a stable object; stand actively for brief periods; and begin to practice developing eye-hand control by reaching for objects or picking up small objects and dropping them into containers. 20 C.F.R. § 416.926a(j)(2)(i). An older infant or toddler should begin to actively explore a wide area of his physical environment, using his body with steadily increasing control and independence from others; begin to walk and run without assistance; climb with increasing skill, frequently try to manipulate small objects and to use his hands to do or get something that he wants or needs. *Id.* § 416.926a(j)(2)(ii).

In Plaintiff's view, the ALJ's analysis of this domain was flawed because the ALJ relied on the claimant's ability to "crawl around with his braces on," "try[] to stand/walk in [the braces]

5

at 9 months of age," wiggle his toes, and appropriately respond to light touch. *See* ECF No. 7-1 at 9 (citing Tr. 22). By failing to account for "the fact that [the claimant] struggles to stand, walk and run, cannot climb stairs, and does not feed himself," Plaintiff argues, the ALJ failed to take the required "whole child approach" and impermissibly "cherry-picked" evidence to support his conclusion. *Id.* at 9-11.

The "whole child" approach requires the ALJ to "consider a child's everyday activities, determine all domains involved in performing them, consider whether that child's medically determinable impairment accounts for limitations in activities, and determine to what degree such impairment limits that child's ability to function age-appropriately in each domain." *Nivia D. o/b/o P.L.D. v. Comm'r of Soc. Sec.*, 2019 WL 4573262, at \*4 (N.D.N.Y. Sept. 20, 2019); *see also* SSR 09-1p, 2009 WL 396031, at \*2-3 (Feb. 17, 2009). Under this approach, "adjudicators must consider evidence of all the child's activities." SSR 09-1p, 2009 WL 396031, at \*10. "[T]he rating of the domain is not an 'average' of what activities the child can and cannot do," and "[t]he fact that a child can do a particular activity or set of activities well does not negate the difficulties the child has in doing other activities." *Id.*; *see also Robinson o/b/o A.A.M. v. Comm'r of Soc. Sec.*, No. 19-CV-6172, 2020 WL 4333339, at \*5 (W.D.N.Y. July 28, 2020).

The ALJ appropriately applied the Commissioner's regulations in evaluating the evidence of claimant's activities. For example, the ALJ noted that at nine months of age, the claimant could crawl around with his braces on and was trying to stand and walk in them. Tr. 22; *see* 20 C.F.R. § 416.926a(j)(2)(i) (infants should learn to crawl and stand). Likewise, the ALJ noted that, according to Plaintiff's testimony, the claimant could "stand and walk okay," but also that he had difficulty running and climbing stairs. Tr. 21; *see* 20 C.F.R. § 416.926a(j)(2)(ii) (older infants and toddlers should begin to walk and run without assistance, and climb with increasing skill). In

6

doing so, the ALJ applied the whole child approach by considering claimant's everyday activities, determining the domains involved in performing them, considering whether his medically determinable impairment accounted for limitations in those activities, and determined to what degree such impairment limited his ability to function age-appropriately in this domain. *Nivia D.*, 2019 WL 4573262, at *4; SSR 09-1p, 2009 WL 396031, at *2-3.

Moreover, contrary to Plaintiff's assertion, the ALJ did, in fact, account for the fact that the claimant had difficulties in running and climbing stairs. Although the ALJ did not discuss these difficulties under the heading of "moving about and manipulating objects," he did discuss them. *See* Tr. 21. In concluding that the claimant had a marked limitation in health and physical well-being, the ALJ noted that the claimant, "at one and a half years old, continues to have difficulty running and climbing stairs despite treatment compliance." *Id.* Moreover, the ALJ also pointed to medical opinions and other evidence indicating that claimant had no limitations in the domain of moving about and manipulating objects. *See id.* at 23. For example, the ALJ pointed to the opinions of medical experts Dr. Abueg and Dr. Kirsch, who opined that the claimant had a marked limitation in health and physical wellbeing, but no limitations in any other domain. *See id.* (citing Tr. 57, 66-67). Dr. Kirsch's opinion was based in part on notes from an annual physical in May 2021 indicating that "claimant's development was within normal limits and that he is 'continuing to do well.'" *Id.* (citing Tr. 67). Then, pointing to claimant's "continued difficulty with running and climbing stairs," the ALJ concluded that he was not persuaded that claimant had no limitation in this domain. *Id.*

Although it may have been helpful for the ALJ to discuss this evidence under the heading for this specific domain, his failure to do so does not warrant remand. The Court may "look to other portions of the ALJ's decision and to clearly credible evidence in finding that his

determination was supported by substantial evidence." *Ryan o/b/o V.D.C. v. Comm'r of Soc. Sec.*, No. 21-2947-cv, 2022 WL 17933217, at *2 (2d Cir. Dec. 27, 2022). The ALJ's decision demonstrates that the ALJ identified evidence in the record showing that claimant was crawling and trying to stand and walk at nine months of age, that he limps for the first few minutes after taking his braces off, and that he has difficulty running and climbing stairs. Tr. 21. Moreover, the credible evidence in the record supports this conclusion. *See e.g.*, *id.* at 37 (testimony that claimant is "doing okay" with standing and walking), 407 (note from orthopedic surgeon stating that claimant started walking a month ago, has no issues, does not trip, and shows no signs of discomfort in his shoes), 415-416 (medical source statement from family medicine physician stating that claimant has no limitation in this domain). Substantial evidence therefore supports the ALJ's finding that the claimant had less than a marked limitation in the domain of moving about and manipulating objects. *See Latrice N. o/b/o J.A.N. v. Comm'r of Soc. Sec.*, No. 2021 WL 805252, at *5 (W.D.N.Y. Mar. 3, 2021) (substantial evidence supported less than marked limitation where claimant could go for short walks in the neighborhood, run with some tripping, and climb up and down stairs).

### B. Caring for Yourself

With respect to the domain of Caring for Yourself, Plaintiff argues that the ALJ "effectively provided no analysis of this domain and why the claimant has no limitation. ECF No. 7-1 at 11. The Court agrees and concludes that this error warrants remand.

In the domain of Caring for Yourself, the ALJ considers how well the child maintains "a healthy emotional and physical state, including how well [he gets his] physical and emotional wants and needs met in in appropriate ways; how [he copes] with stress and changes in [his] environment; and whether [he takes] care of [his] own health, possessions, and living area." 20

8

C.F.R. § 416.926a(k). This domain does not address the child's "physical abilities to perform self-care tasks like bathing, getting dressed, or cleaning up their room." SSR 09-7p, 2009 WL 396029, at *2 (Feb. 17, 2009). "Rather, in 'Caring for yourself,' [the SSA] focus[es] on how well a child relates to self by maintaining a healthy emotional and physical state in ways that are age-appropriate and in comparison to other same-age children who do not have impairments." *Id.* A child may have limitations in this domain because of a mental or physical impairment, medication, or other treatment. *Id.* A child may show limitations in this area when, for example, he "[d]oes not feed, dress, bathe, or toilet self appropriately for age" or engages in "self-injurious behavior." *Id.* at *6; *see also Nicholas D. v. Comm'r of Soc. Sec.*, No. 21-CV-775, 2023 WL 4766174, at *6 (W.D.N.Y. July 26, 2023).

As in all cases, an ALJ evaluating a child's limitations in the domain of Caring for Yourself "is required to provide [a] rationale in the written decision sufficient to allow a reviewing court to conduct an adequate review of his findings." *Pamela P. v. Saul*, No. 19-CV-575, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020); *see Morgan o/b/o Morgan v. Chater*, 913 F. Supp. 184, 188-89 (W.D.N.Y. 1996). The ALJ must "build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review." *Lopez o/b/o Y.T. v. Comm'r of Soc. Sec.*, No. 18-CV-6704, 2020 WL 4504987, at *2 (W.D.N.Y. Aug. 5, 2020) (citing *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012)); *see Suarez o/b/o C.L.S. v. Comm'r of Soc. Sec.*, No. 20 Civ. 6559, 2021 WL 5326431, at *8 (S.D.N.Y. Nov. 16, 2021) (citing *Morgan*, 913 F. Supp. at 188-189) (remand warranted where ALJ was "non-forthcoming as to why [the] claimant did not meet any of the Listings").

Here, the ALJ's analysis is insufficient to permit the court to conduct an adequate review of his conclusion that claimant had no limitation in the ability to care for himself. The entirety of the ALJ's analysis consisted of the following paragraph:

> Despite the representative's argument the claimant has limitations in Caring for oneself, pursuant to SSR 09-7p: ". . . the domain of 'Caring for yourself' does not address children's physical abilities to perform self-care tasks like bathing, getting dressed, or cleaning up their room. We address these physical abilities in the domain of "Moving about and manipulating objects" and, if appropriate, "Health and physical well-being." In "Caring for yourself," we focus on how well a child relates to self by maintaining a healthy emotional and physical state in ways that are age-appropriate and in comparison to other same-age children who do not have impairments.

Tr. 22. "Thus," the ALJ concluded, the claimant had "no limitation in caring for oneself, as his physical capabilities are assessed in the above discussed functional domains." Tr. 22. This perfunctory analysis does little to "build an accurate and logical bridge between his recitation of the facts and the conclusions he reached." *Lopez*, 2020 WL 4504987, at *2. Although the ALJ purported to address the arguments of claimant's representative, he made "no effort to compare [claimant's] capabilities to those of similarly aged peers." *Caldwell o/b/o J.W. v. Berryhill*, No. 15-cv-613, 2018 WL 1081009, *3 (W.D.N.Y. Feb. 28, 2018).

The remainder of the ALJ's decision is similarly unenlightening. *Cf. Ryan*, 2022 WL 17933217, at *2 (court may look to other portions of the ALJ's decision to determine whether it is supported by substantial evidence). To the extent that the ALJ discussed evidence bearing on this domain, he did not explain why it supported his conclusion, or, if it did not, why he rejected it. For example, earlier in his decision, he noted that Plaintiff testified that claimant "is not on track with . . . potty training," and "sometimes resists wearing his [boots] during the day." Tr. 21. She further testified that claimant cannot toilet train because he "cannot get up and go to the restroom every time he needs to" when he is in his boots or braces. *Id.* Although the ALJ acknowledged

10

this testimony, he did not analyze it. *See id.* at 21-22. Moreover, although the opinions of consulting medical experts Dr. Abueg and Dr. Kirsch stated that claimant had no limitation this domain, the ALJ did not explain why he found the portions of the opinions relevant to this domain persuasive. *See id.* at 22-23. Instead, he discussed only the experts' opinions regarding two domains: health and physical wellbeing and moving about and manipulating objects. *Id.* Finally, unlike the testimony regarding toilet training, the ALJ did not at all acknowledge Plaintiff's testimony that claimant is less interested in feeding himself than his sisters were at a similar age or that he rubs his feet raw in his boots overnight. *See id.* at 46-47.

While it is true that this domain does not address a child's physical abilities to perform self-care tasks, as both the ALJ and the Commissioner here note, the evidence, particularly Plaintiff's testimony, appears to demonstrate that the claimant does not, for example, "insist[] on trying to feed [himself] with [a] spoon," as a typical older infant or toddler would. SSR 09-7p, 2009 WL 396029, at *5. Plaintiff's testimony that claimant will sometimes "kick to try to get [his boots] off" and, as a result "rub[] his feet kind of raw," Tr. 46, also suggest potential limitations in this domain which have gone unaddressed in the ALJ's decision. *See* SSR 09-7p, 2009 WL 396029, at *2, 5-6 (identifying engaging in self-injurious behavior as a limitation relevant to the domain of Caring for Yourself).

Although the ALJ correctly stated the legal principles that he was required to apply, his decision does not demonstrate that he actually applied them. *See Suarez*, 2021 WL 5326431, at *8. So while it is not apparent that the evidence compels a finding that claimant has a marked limitation in the domain of Caring for Yourself, because the ALJ failed to explain his analysis of the evidence that supported his conclusion, he failed to "provide [a] rationale in the written

11

decision sufficient to allow" this Court to conduct an adequate review. *Pamela P.*, 2020 WL 2561106, at *4. Remand is therefore required.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 7, is GRANTED, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 9, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 21, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York